

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUIPING LIU,<br><br>     Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>     Respondent. | No. 12-71731<br><br>Agency No. A099-044-839<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2015**
Pasadena, California

Before: FARRIS and BYBEE, Circuit Judges and TIGAR,*** District Judge.

Ruiping Liu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her claim for asylum, withholding of removal, and

---

  * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  *** The Honorable Jon S. Tigar, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination, including the discrepancies between Liu's application and testimony, the inconsistencies internal to her testimony regarding the circumstances and dates of her own baptisms and her daughter's illness, the implausibility of portions of her testimony, and the conflicts between her testimony and the documentary evidence. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Liu had the opportunity to explain these discrepancies, but her explanations do not compel a contrary conclusion. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) ("We . . . must uphold the BIA's finding unless the evidence compels a contrary result.").

Liu argues that the IJ should have provided her with notice of the deficiencies in her testimony and an opportunity to either produce corroborative evidence or explain why such evidence is unavailable, citing *Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011). Under the REAL ID Act, however, such a procedure is required only "[w]here the trier of fact determines that the applicant

2

should provide evidence that corroborates *otherwise credible testimony.*" 8 U.S.C. § 1158(b)(1)(B)(ii) (emphasis added). Here, the IJ determined that Liu's testimony was not credible. In the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Liu raises no arguments challenging the agency's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed abandoned). We therefore do not address that portion of the opinion below.

**PETITION FOR REVIEW DENIED.**